**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**v.**                              **Case No. 2:22-cr-00035 KGB**

**DEANGELO CLARK**                                                     **DEFENDANT**

**ORDER**

Before the Court is defendant Deangelo Clark's motion for judgment of acquittal (Dkt. No. 59), to which the United States responded in opposition (Dkt. No. 60).  For the following reasons, the Court denies Clark's motion for judgment of acquittal (Dkt. No. 59).

## I.      Legal Standard

Clark files his motion pursuant to Federal Rule of Criminal Procedure 29, moving for a judgment of acquittal on Count 1 which charged him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)  (*Id.*, at 1).  In considering a motion for judgment of acquittal based on the sufficiency of the evidence presented at trial, the Court must "view the evidence in the light most favorable to the guilty verdict, giving the government the benefit of all reasonable inferences that may be drawn from the evidence."  *United States v. Basile,* 109 F.3d 1304, 1310 (8th Cir. 1997).  The Court can overturn the jury's verdict only if "'a reasonable fact-finder must have entertained a reasonable doubt about the government's proof'" on one or more of the essential elements of the crime charged.  *United States v. Kinshaw,* 71 F.3d 268, 271 (8th Cir. 1995) (quoting *United States v. Nunn,* 940 F.2d 1128, 1131 (8th Cir. 1991)).  In reviewing the evidence presented to the jury, it is important to note that "'[t]he evidence need not exclude every reasonable hypothesis except guilt.'"  *United States v. Baker,* 98 F.3d 330, 338 (8th Cir. 1996) (quoting *United States v. Erdman,* 953 F.2d 387, 389 (8th Cir. 1992)).  Finally, it is not the Court's role to weigh

the evidence or assess the credibility of witnesses, as these tasks belong to the jury alone.  *See United States v. Ireland,* 62 F.3d 227, 230 (8th Cir. 1995) (observing that the jury has the role of judging the credibility of witnesses and resolving any contradictions in the presented evidence).

**II.      Evidence Presented**

Clark was charged with one count of felon in possession of a firearm on or about July 4, 2021, in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 3).  The case was tried to a jury on August 11 and 12, 2025 (Dkt. Nos. 49; 51).

The Court instructed the jury at trial that the offense of felon in possession of a firearm consists of four elements:  (1) the defendant had previously been convicted of a crime punishable by imprisonment for more than one year, (2) the defendant knowingly possessed a firearm, (3) at the time of the charged offense, the defendant knew he had been convicted of a crime punishable by imprisonment for more than one year, and (4) the firearm was transported across a state line at some point before the defendant possessed it (Dkt. No. 53, at 8).  The United States introduced evidence, by way of joint stipulation, that prior to July 4, 2021, Clark had been convicted of a crime punishable by imprisonment for more than one year, and further that prior to July 4, 2021, Clark knew that he had been convicted of a crime punishable by imprisonment for more than one year (Government's Trial Exhibit 3).  Clark also stipulated that a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), would have testified that the firearm, a Glock, model 22, .40-caliber pistol, bearing serial number EPL801US was not manufactured in the State of Arkansas, and it had to have travelled in and/or affected interstate commerce as defined in Title 18 U.S.C. § 921(a)(2) (Government's Trial Exhibit 4).  The parties agree that the only element that the United States had to prove beyond a reasonable doubt at trial was whether Clark knowingly possessed the Glock, model 22, .40 caliber pistol, bearing serial number EPL801US

(the "Firearm") on July 4, 2021, in violation of 18 U.S.C. § 922(g)(1) (Dkt. Nos. 59, at 2 n.1; 60, at 2).

In its response to the motion, the United States recounts the proof presented in this case during the jury trial (Dkt. No. 60, at 2–4), portions of which the Court highlights here.  The Court has considered the entire record when ruling on this motion for judgment of acquittal.  The United States presented testimony from two West Memphis police officers who initiated the traffic stop of the vehicle in which the Firearm was found.  There was a video recording of the traffic stop presented by the United States as evidence at trial (Government's Trial Exhibit 2).  Both officers testified that, when they conducted the traffic stop, they could see Clark moving around in the passenger seat and reaching down toward the floorboard of the car while he was talking to the driver, who was Donald Lee.

Lee testified about his relationship with Clark, what his plans were on the day of this incident, and what he remembered happening before and after the traffic stop when he and Clark were asked by officers to exit the vehicle.  Lee's testimony, in pertinent part, was that he told officers that there was a Firearm in the vehicle that belonged to Clark, that when officers initiated their lights to make the stop Clark told Lee to take the Firearm from him, that when Lee refused to take the Firearm Clark attempted to place the Firearm under Lee's seat in the vehicle, that Lee was not a convicted felon, and that Lee was 18 or 19 years old at the time of the traffic stop waiting to enter the military.  Lee recalled providing a handwritten statement regarding these events to police before being released from the scene.  His handwritten statement was presented by the United States as evidence at trial (Government's Trial Exhibit 5).  Further, the United States presented several video frames depicting the scene during the traffic stop and recovery of the Firearm that were captured on the video introduced into evidence by the United States; along with

the video, these video frames were entered into evidence (Government's Trial Exhibits 2A to 2E; 2).

The United States presented the testimony of the officers' supervisor, former West Memphis Sergeant Odell Livingston, Jr., who testified that he recovered the Firearm from inside the vehicle between the driver seat and center counsel and that the Firearm was loaded when he recovered it.

The United States then presented the testimony of Clark's cousin Tony Hodges who was called as a hostile witness in the United States' case. Hodges testified that he was the owner of the Firearm that Clark possessed on July 4, 2021, and that Hodges had previously provided the Firearm to Clark the day before so that Clark could shoot it on Independence Day. Hodges further testified that the Firearm was unloaded when he provided it to Clark.

After the United States rested its case, Clark presented no witnesses.

The Court instructed the jury, including instructing the jury as to actual and constructive possession under controlling law (Dkt. No. 53, at 11). The jury returned a verdict against Clark on count one of the indictment (Dkt. No. 54). Then, only after returning that verdict, was the jury presented with a special verdict instruction and verdict to determine whether Clark's prior felony convictions were committed on occasions different from one another, which the jury found (Dkt. No. 55).

### III.    Analysis

Applying the appropriate legal standard to the evidence presented, the Court will not overturn the jury's verdict in this case. In reaching this conclusion, the Court has not weighed the evidence or assessed the credibility of witnesses. *United States v. Benton*, 890 F.3d 697, 708 (8th Cir. 2018). That is the province of the jury. The Court determines that the evidence presented by

the United States at trial was more than sufficient to permit the jury to conclude that Clark knowingly possessed the firearm as charged.

The testimony of Lee and Hodges was sufficient to prove that Clark was in actual possession of the Firearm. Lee and Hodges' testimony, along with the testimony of the officers, was sufficient to establish that Clark was in constructive possession of the Firearm when it was located in the vehicle. To the extent that Clark argues Lee's written statement is contradicted by the video evidence or that Hodges attempted to retract his statement on the stand that he gave Clark the gun, the jury is responsible for resolving conflicts in testimony and determining the credibility of witnesses. *See United States v. Brown Bull*, 137 F.4th 705, 708 (8th Cir. 2025). The evidence presented at trial was sufficient for the jury to find Clark guilty and to support the jury's determination regarding Clark's prior convictions. The Court will not overturn the verdict.

### IV.   Conclusion

For these reasons, the Court denies Clark's motion for judgment of acquittal (Dkt. No. 59).

Dated this 5th day of February, 2026.

Kristine G. Baker
Chief United States District Judge

5